# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXANDRE DE OLIVEIRA,<br>Petitioner,<br>v.<br>CHRISTOPHER CHESTNUT,<br>Respondent. | Case No. 1:26-cv-06175-JLT-EPG-HC<br><br>FINDINGS AND RECOMMENDATION TO GRANT PETITION FOR WRIT OF HABEAS CORPUS AND DIRECT RESPONDENTS TO PROVIDE PETITIONER WITH BOND HEARING<br><br>ORDER DENYING PETITIONER'S MOTIONS TO EXPEDITE<br><br>(ECF Nos. 12, 13) |

Petitioner is a federal immigration detainee proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the reasons set forth herein, the undersigned recommends granting the petition for writ of habeas corpus and ordering Respondent to provide Petitioner with an individualized bond hearing before an immigration judge at which the government must justify Petitioner's continued detention by clear and convincing evidence.

## I.

## BACKGROUND

Petitioner is a citizen of Brazil who entered the United States without inspection on April 11, 2024. He was apprehended by Border Patrol, processed for a notice to appear, and released from custody. (ECF No. 1 at 1; ECF No. 6-1 at 2; ECF No. 6-3.[1]) On May 5, 2026, Petitioner

[1] Page numbers refer to ECF page numbers stamped at the top of the page.

was arrested for various charges that were subsequently dropped. (ECF No. 6-1 at 2–3.) On June 10, 2026, U.S. Immigration and Customs Enforcement ("ICE") assumed custody of Petitioner from the county jail. (ECF No. 1 at 2.)

On August 4, 2026, Petitioner filed a petition for writ of habeas corpus and a motion for temporary restraining order ("TRO"). (ECF Nos. 1, 2.) On August 5, 2026, the motion for TRO was denied as untimely. (ECF No. 5.) On August 25, 2026, Respondent filed a response to the petition, stating that Petitioner has requested a custody redetermination hearing and that "[b]cause Petitioner has had encounters with law enforcement for domestic violence, this is the type of case that, even prior to *Rodriguez Vazquez* this Court would typically set for a bond hearing to have an immigration judge determine with the Petitioner constitutes a danger or a flight risk in the first instance." (ECF No. 6 at 1–2 (footnote omitted).) Respondent also filed a notice that a bond hearing has been scheduled for September 4, 2026. (ECF No. 7.)

The Court ordered Respondent to file a status report once the bond hearing was completed. (ECF No. 8.) On September 10, 2026, Respondent filed a status report, a copy of the immigration judge's written order denying bond, and a digital audio recording of the bond hearing. (ECF Nos. 9, 10.) To date, no traverse has been filed, and the time for doing so has passed.

## II.
## DISCUSSION

In the second claim for relief, Petitioner challenges his re-detention without notice, changed circumstance, or individualized process. (ECF No. 1 at 7–8.) The Court has previously addressed the issues raised by the second claim for relief—that when a petitioner previously released from immigration custody is subsequently re-detained, due process requires a bond hearing at which the government bears the burden to prove by clear and convincing evidence that the petitioner is a flight risk or danger to the community. See, e.g., Garcia v. Chestnut, No. 1:25-CV-01907-JLT-CDB, 2025 WL 3771348 (E.D. Cal. Dec. 31, 2025); Aguilera v. Albarran, No. 1:25-CV-01619 JLT SAB, 2025 WL 3485016 (E.D. Cal. Dec. 4, 2025); M.R.R. v. Chestnut, No. 1:25-CV-01517-JLT (HC), 2025 WL 3265446 (E.D. Cal. Nov. 24, 2025); J.S.H.M v. Wofford,

No. 1:25-CV-01309 JLT SKO, 2025 WL 2938808 (E.D. Cal. Oct. 16, 2025); Ortiz Donis v. Chestnut, No. 1:25-CV-01228 JLT SAB, 2025 WL 2879514 (E.D. Cal. Oct. 9, 2025).

Upon review of the audio recording of the bond hearing, the immigration judge conducted a § 1226(a) bond hearing and placed the burden on Petitioner to show that he is not a flight risk or danger to the community. (ECF No. 9.) However, as noted above, this Court has held that noncitizens in Petitioner's situation are entitled to a bond hearing at which the government bears the burden to prove by clear and convincing evidence that the petitioner is a flight risk or danger to the community. Accordingly, the undersigned recommends finding that Petitioner is entitled to habeas relief on his second claim for relief and a bond hearing where the government bears the burden of proving by clear and convincing evidence that Petitioner is a danger to the community or a flight risk such that detention is warranted.[2]

Petitioner argues that he is entitled to immediate release because a post-deprivation hearing cannot cure the due process violation. (ECF No. 1 at 9–10.) However, given Petitioner's recent arrest, the Court recommends finding that a post-deprivation hearing is appropriate in this instance. The Court finds Roberts v. Warden Golden State Annex, No. 1:26-CV-07632-JLT-EPG, 2026 WL 3319501 (E.D. Cal. Nov. 3, 2026), instructive:

> Though the criminal charges were ultimately dropped, this Court finds that Respondents may well have a legitimate interest in Petitioner's detention based on the nature and recency of Petitioner's encounter with law enforcement. "That Petitioner was not charged does not mean that the events did not occur, and the Immigration Judge may consider them in determining whether and under what conditions to set bond. It is for this reason that while release is often appropriate when the Government has failed to provide a pre-deprivation hearing, balancing the equities and the public interests in this case leads the Court to conclude that it is sufficient to provide Petitioner a post-deprivation bond hearing ..." *Singh v. Chestnut*, No. 1:26-cv-00546-DJC-AC, 2026 WL 266021, at *4 (E.D. Cal. Feb. 2, 2026); *see also Martinez Hernandez v. Andrews*, No. 1:25-CV-01035 JLT HBK, 2025 WL 2495767 (E.D. Cal. Aug. 28, 2025) ("If Respondent's view of the facts is correct, it is at least arguable that providing Petitioner with notice and a pre-deprivation hearing would have been impracticable and/or would have motivated her flight"); *See J.S.H.M. v. Wofford*, No. 1:25-cv-01309-JLT-SKO, 2025 WL 2938808, at *15–16 (E.D. Cal. Oct. 16, 2025). Notably, a criminal conviction is not required before a releasee may be found to be in violation of the terms of

[2] In light of this conclusion, the Court declines to address Petitioner's other claims.

> his supervision. The Court finds that the appropriate remedy here is a post-deprivation bond hearing where the government bears the burden of proving that Petitioner poses a danger to the community or flight risk.

Roberts, 2026 WL 3319501, at *3. See also Mamani v. Warden of the California City Ice Processing Ctr., No. 1:26-cv-09150-JLT-EPG, 2026 WL 3537583, at *1 (E.D. Cal. Nov. 17, 2026) ("Respondent's prior release of Petitioner creates a liberty interest under the Due Process Clause, although his recent criminal history justified providing Petitioner with a prompt post-deprivation hearing.").

## III.

## RECOMMENDATION & ORDER

Based on the foregoing, the undersigned HEREBY RECOMMENDS that:

1. The petition for writ of habeas corpus be GRANTED on the second claim for relief.
2. Respondents be directed to provide Petitioner with a bond hearing before an immigration judge that complies with the requirements set forth in Singh v. Holder, 638 F.3d 1196 (9th Cir. 2011), at which
   a. "the government must prove by clear and convincing evidence that [Petitioner] is a flight risk or a danger to the community to justify denial of bond," Singh, 638 F.3d at 1203, and
   b. the IJ should consider Petitioner's financial circumstances or alternative conditions of release in the event Petitioner is determined not to be a danger to the community and not to be so great a flight risk as to require detention without bond.

Further, Petitioner's motions to expedite (ECF Nos. 12, 13) are DENIED.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **FOURTEEN (14) days** after service of the Findings and Recommendation, any party may file written objections, **no longer than fifteen (15) pages, including exhibits**, with the Court and

serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **November 24, 2026**

/s/ Eric P. Grosjean
UNITED STATES MAGISTRATE JUDGE